## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL Q. TAYLOR, # 314-476                      *

Petitioner                                                       *

v                                                                       *          Civil Action No. RDB-14-3311

WARDEN K. GREEN, et al.                              *

Respondents                                                    *

**\*\*\***

## MEMORANDUM OPINION

Respondents move to dismiss Michael Q. Taylor's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254 as time-barred. (ECF 7). Petitioner was granted an opportunity to explain why the Petition should not be dismissed as untimely or why principles of equitable tolling apply (ECF 8), and no Reply was filed. After review of the Petition and Answer, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (noting a petitioner is not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For reasons to follow, the Petition will be Dismissed As Time-Barred.

### BACKGROUND

Petitioner is attacking his convictions and sentence in 2003, in the Circuit Court for Baltimore City, Maryland, for second degree-murder and related offenses.  On May 6, 2003, a jury convicted Petitioner of, *inter alia*, second-degree murder, use of a handgun in the commission of a crime of violence, and robbery.  On June 23, 2003, Petitioner was sentenced to

thirty years of incarceration for murder, twenty years for the handgun offense, and a concurrent fifteen years for robbery. The other convictions were merged. (ECF 7-1, 7-2).

On July 1, 2003, Petitioner filed a direct appeal of his convictions in the Court of Special Appeals of Maryland.  The Court of Special Appeals denied his appeal on February 16, 2005, and the mandate issued on March 18, 2005.  (ECF 7-1, 7-2).

Petitioner did not seek certiorari before the Court of Appeals of Maryland; thus, his convictions became final on April 4, 2005. *See* Md. Rule 8-302 (requiring certiorari petition to be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate). The one-year limitations period for filing a federal Petition for Writ of Habeas Corpus therefore commenced running on April 4, 2005, and ended on April 4, 2006.

Petitioner filed post-conviction proceedings in the Circuit Court for Baltimore City on July 25, 2008, more than two years after his right to file a federal habeas petition had expired. Petitioner then moved to withdraw the application without prejudice on April 27, 2009. The motion was granted on July 24, 2009. Petitioner filed another post-conviction petition in the Circuit Court for Baltimore City on December 22, 2010. On October 13, 2013, his post-conviction petition was denied. Petitioner filed an application for leave to appeal that denial on November 4, 2013 which was denied by the Court of Special Appeals on May 22, 2014. (ECF 7-4). The court's mandate issued on June 23, 2014. *Id.*

For the purposes of assessing the timeliness of the Petition, this Court deems it filed on October 19, 2014, the date it was signed and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (applying mail-box rule to petition filed pursuant to 28 U.S.C. §

2255); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

## DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 562 U.S. 545, 131 S.Ct. 1278, 1283 (2011). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  Petitioner does not allege, nor does the record suggest, any basis to apply equitable tolling in this case.

3

As noted, Petitioner's convictions became final on April 4, 2005. Thus, the one-year limitations period for filing a federal Petition for Writ of Habeas Corpus commenced running on April 4, 2005, and ended on April 4, 2006. There were no motions filed during that time to statutorily toll the running of the limitations period. Accordingly, when Petitioner filed his post-conviction petition in the Circuit Court for Baltimore City on July 25, 2008, the one-year limitations period for filing his federal habeas petition had already elapsed by some two years. When Petitioner filed the instant § 2254 Petition, more than five years had passed since the limitations period had expired.

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right). Petitioner fails to satisfy this standard, and a Certificate of Appealability shall not issue.

## CONCLUSION

For these reasons, a separate Order dismissing the Petition as untimely and declining to issue a Certificate of Appealability follows.

March 2, 2015
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4